IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01267-DDD-STV

ALI SAEE, individually and on behalf of all others similarly situated,
JAN LAMBERT,

    Plaintiff,

v.

ENSERVCO CORPORATION,
RICHARD A. MURPHY,
MARJORIE A. HARGRAVE,

    Defendants.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

This matter comes before the Court on Plaintiff Jan Lambert's Motion for Appointment as Lead Plaintiff and Approval of Counsel (the "Motion"). [#18] The Motion has been referred to this Court. [#20] This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law. For the following reasons, the Motion is **GRANTED**.[1]

---

[1] There is some ambiguity on whether a motion to appoint Lead Plaintiff and Lead Counsel in a class action is dispositive or non-dispositive; however, this Court has found no definitive authority resolving the issue. *See Assad v. DigitalGlobe, Inc.*, No. 17-CV-01097-PAB-NYW, 2017 WL 3575229, at *1 (D. Colo. Aug. 17, 2017); *Roofers' Pension Fund v. Papa*, No. CV 16-2805, 2017 WL 1536222, at *3 (D.N.J. Apr. 27, 2017); *Steamfitters Local 449 Pension Fund v. Cent. European Distribution Corp.*, No. CIV.A. 11-6247 JBS, 2012 WL 3638629, at *7 (D.N.J. Aug. 22, 2012). Nonetheless, this Court is persuaded that appointment of Lead Plaintiff and Lead Counsel is not dispositive of any claim or defense in this action. Accordingly, the Court proceeds by Order.

## I.     BACKGROUND

In this action, Plaintiffs Ali Saee and Jan Lambert, on behalf of a class, allege that Defendants Enservco Corporation, Richard Murphy, and Marjorie Hargrave defrauded investors in violation of the Securities Exchange Act.  [##1; 18 at 6]  Plaintiffs allege that Defendants made materially false and misleading statements regarding Enservco's business, operations, and compliance policies, which, when publicly revealed, lead to Enservco's stock prices falling.  [#18 at 7-10]

Plaintiffs filed the instant action on May 20, 2022.  [#1]  On the same day, Plaintiffs' counsel

> caused a notice to be published over Globe Newswire . . . which announced that a securities class action had been filed against Enservco and certain of its officers, and advised investors in Enservco securities that they had until July 19, 2022 . . . to file a motion to be appointed as Lead Plaintiff.

[##18 at 11; 19-2]  On July 19, 2022, Mr. Lambert filed the instant Motion and accompanying declaration and exhibits.  [##18, 19]  Neither Defendants nor any class member has filed a response to the Motion, and no other class members have filed any motion for appointment as Lead Plaintiff or Counsel.  Accordingly, on August 10, 2022, Mr. Lambert filed a Notice of Non-Opposition.  [#25]

## II.     STANDARD OF REVIEW

The Private Securities Litigation Reform Act ("PSLRA") establishes "a procedure that governs the appointment of Lead Plaintiffs in 'each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.'"  *In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 657 (D. Colo. 2000) (quoting 15 U.S.C. § 78u-4(a)(1) ).  "Any member of the purported class may move the court to serve as Lead Plaintiff, but must do so within sixty (60) days of

2

the published notice of the potential class action." *Mariconda v. Farmland Partners Inc.*, No. 18-cv-02104-DME-NYW, 2018 WL 6307868, at *2 (D. Colo. Dec. 3, 2018) (citing 15 U.S.C. § 78u-4(3)(A)(i)(II)). The Court must then appoint Lead Plaintiff no later than ninety days after the notice is published. § 78u-4(3)(B)(i)–(ii).

The PSLRA establishes "a rebuttable presumption that the 'most adequate plaintiff' is a person or group of persons that (1) either filed the complaint or made a motion in response to a notice, (2) has the largest financial interest in the relief sought, and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23." *Medina v. Clovis Oncology, Inc.*, No. 15-CV-2546-RM-MEH, 2016 WL 660133, at *3 (D. Colo. Feb. 18, 2016) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc) ). "As for the requirement that the Lead Plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(a)—typicality and adequacy—impact the analysis of the Lead Plaintiff issue." *Wolfe v. AspenBio Pharma, Inc.*, 275 F.R.D. 625, 627-28 (D. Colo. 2011); *See In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000) ("Typicality exists where the injury and the conduct are sufficiently similar."); *id.* at 659 ("The [Private Securities Litigation Reform Act, see 15 U.S.C. § 78u-4] directs courts to limit [their] inquiry regarding adequacy to the existence of any conflicts between the interests of the proposed lead plaintiffs and the members of the class."). "The PSLRA's presumption may be rebutted by a showing that the 'presumptively' most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *In re Molson Coors Brewing Co. Sec. Litig.*, No. 19-CV-00455-DME-MEH, 2019

WL 10301639, at *1 (D. Colo. Oct. 3, 2019) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb)).

Finally, the PSLRA states that the Lead Plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(3)(B)(v). *See In re Oppenheimer Rochester Funds Grp. Sec. Litig.*, No. 09-MD-02063JLKKMT, 2009 WL 4016635, at *2–3 (D. Colo. Nov. 18, 2009) (stating that it is within the court's discretion to approve Lead Counsel). "The Court will only disturb the lead plaintiff's choice of counsel when necessary to 'fairly and adequately protect the interests of the class.'" *In re Molson,* 2019 WL 10301639, at *2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).

### III.     ANALYSIS

Plaintiff Jan Lambert seeks to be named Lead Plaintiff for this action. First, the PLSRA requires that plaintiffs post a notice within twenty days of filing a complaint, advising members of a purported class "of the pendency of the action, the claims asserted therein, and the purported class period; and that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as Lead Plaintiff of the purported class." § 78u-4(a)(3)(A)(i). This early notice must be published in "a widely circulated national business-oriented publication or wire service." *Id.* Here, Plaintiffs filed a notice of this action in Globe Newswire the same day the Complaint was filed, [##18 at 11; 19-2], and this Court agrees that Globe Newswire is an adequate "widely circulated national business-oriented publication or wire service" under the PSLRA early notice provision. *Mariconda*, 2018 WL 6307868, at *3. The Court additionally finds that the notice meets the requirements of § 78u-4(a)(3)(A)(i). Accordingly, potential Lead Plaintiffs had until

July 19, 2022 to file a Motion for Appointment.  Other than the instant Motion, no other Motions for Appointment have been filed.

The Court thus turns to the requirements for the appointment of a Lead Plaintiff. To appoint him as Lead Plaintiff, the Court must determine that Mr. Lambert: "(1) either filed the complaint or made a motion in response to a notice, (2) has the largest financial interest in the relief sought, and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23."  *Medina*, 2016 WL 660133, at *3 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc)).  Mr. Lambert satisfies the first requirement, as he both filed the original Complaint in this matter and has also made the instant Motion for appointment as Lead Plaintiff.  [##1, 18]

In the Motion, Mr. Lambert further asserts that he has the largest financial interest in the outcome of this action.  [#18 at 6]  Courts use the four factor test established in *Lax v. First Merchants Acceptance Corp.* to assess financial interest.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997); *see, e.g.*, *In re Molson*, 2019 WL 10301639, at *2 (determining largest financial interest under the PSLRA with reference to the four-factor Lax test); *Mariconda*, 2018 WL 6307868, at *3 ("[T]here appears to be a clear weight of authority favoring the four-factor Lax test[.]").  Those factors are:  (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  *Lax*, 1997 WL 461036, at *5. Mr. Lambert alleges that:

> During the Class Period, Lambert purchased 202,418 shares of Enservco securities, expended $668,459 on his purchases, retained 62,918 of his shares of Enservco securities, and, as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred

5

>losses of approximately $82,572 in connection with his purchases of Enservco securities.

[*Id.* at 6, 12-13; #19-1]   Having no opposition to this assertion, nor argument that another individual has the largest financial interest, the Court finds that Mr. Lambert has satisfied the largest financial interest requirement.  *See Lane v. Page*, 250 F.R.D. 634, 646 (D.N.M. 2007).

Finally, Mr. Lamber asserts that his claims are typical of the absent class members.  [#18 at 6, 13]  "As for the requirement that the Lead Plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(a)—typicality and adequacy—impact the analysis of the Lead Plaintiff issue."  *Wolfe*, 275 F.R.D. at 627-28.  A prima facie showing that the movant satisfies these requirements is sufficient to determine a Lead Plaintiff.  *Lane*, 250 F.R.D. at 640.  The Court finds, at this stage, that Mr. Lambert's claims are typical of the class.  Like all class members, Mr. Lambert purchased Enservco securities during the class period, which he now argues were artificially inflated by Defendants misrepresentations.  [#18 at 14]  These claims arise from the same factual scenario and legal theory.  Moreover, as to adequacy, there is no indication that Mr. Lambert has any potential conflict with members of the class or that he has chosen insufficient counsel.  [*See Id.* at 14-15; #19-4]  Accordingly, the Court finds that this final requirement is satisfied.  The Court further finds that no party has rebutted the presumption in favor of appointing Mr. Lambert as lead Plaintiff, because no party has shown that he is subject to unique defenses or will not fairly represent the class.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).  The Court therefore GRANTS Mr. Lambert's Motion and APPOINTS him as Lead Plaintiff in this matter.

Having found that Mr. Lambert should be appointed as Lead Plaintiff, the Court further GRANTS his request that Pomerantz serve as Lead Counsel for the class. *In re Molson,* 2019 WL 10301639, at *2 (*"*The Court will only disturb the lead plaintiff's choice of counsel when necessary to 'fairly and adequately protect the interests of the class.'" ((quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa))).

## IV.     CONCLUSION

For the foregoing reasons, this Court **GRANTS** Plaintiff Jan Lambert's Motion for Appointment as Lead Plaintiff and Approval of Counsel (the "Motion"). [#18] Mr. Lambert is **APPOINTED** as Lead Plaintiff and Pomerantz is **APPOINTED** as Lead Counsel.

DATED:  August 25, 2022                                         BY THE COURT:

                                                                                           s/Scott T. Varholak
                                                                                           United States Magistrate Judge

7